An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-195

NORTH CAROLINA COURT OF APPEALS

Filed: 15 July 2014

IN THE MATTER OF:

M.A.G.                                    Davidson County
                                          No. 12 JT 134


Appeal by respondent father from order entered 21 November 2013 by Judge April C. Wood in Davidson County District Court. Heard in the Court of Appeals 30 June 2014.

> *Assistant County Attorney Christopher M. Watford for petitioner-appellee Davidson County Department of Social Services.*
>
> *Windy H. Rose for respondent-appellant father.*
>
> *Laura Bodenheimer for guardian ad litem.*

HUNTER, JR., Robert N., Judge.

Respondent appeals from the trial court's order terminating his parental rights to his minor child M.A.G. ("Molly"[1]).  We affirm.

---

[1] We use a pseudonym to protect the juvenile's privacy and for ease of reading.

On 3 August 2012, the Davidson County Department of Social Services ("DSS") obtained non-secure custody of Molly and filed a petition alleging she was a neglected and dependent juvenile. After a hearing on 26 September 2012, the trial court entered adjudication and disposition orders adjudicating Molly to be neglected and dependent and directing respondent to: (1) complete a parenting capacity assessment and age-appropriate parenting classes; (2) pay child support; (3) submit to random drug screens, complete a substance abuse assessment, and comply with all recommendations; (4) maintain safe and suitable housing for himself and the juvenile; (5) obtain and maintain a legal source of steady income to support himself and the juvenile; and (6) comply with "abuser's treatment groups."

Respondent failed to comply with his court-ordered case plan, and, by order entered 13 May 2013, the trial court relieved DSS from making further reunification efforts with him. Molly's mother relinquished her parental rights to Molly on 12 July 2013, and the trial court entered an order on 14 August 2013 directing DSS to proceed with terminating respondent's parental rights.

DSS subsequently filed a petition to terminate respondent's parental rights, alleging as grounds: (1) N.C. Gen. Stat. § 7B-

1111(a)(1) (neglect); (2) N.C. Gen. Stat. § 7B-1111(a)(2) (failure to make reasonable progress); and (3) N.C. Gen. Stat. § 7B-1111(a)(3) (failure to pay for the cost of care of the juvenile). After holding a hearing on the petition on 31 October 2013, the trial court entered an order on 21 November 2013 in which it concluded that grounds existed to terminate respondent's parental rights under N.C. Gen. Stat. § 7B-1111(a)(1) and (3), and that termination of respondent's parental rights was in Molly's best interest. Respondent filed timely notice of appeal from the trial court's order.

Respondent's appellate counsel has filed a no-merit brief on respondent's behalf in which she states she has conducted a conscientious and thorough review of the record on appeal and concludes that this appeal presents "no issue which would alter the ultimate result." Pursuant to North Carolina Rule of Appellate Procedure 3.1(d), counsel requests that this Court conduct an independent examination of the case.

In accordance with Rule 3.1(d), counsel wrote respondent a letter on 17 March 2014 advising him of his right to file *pro se* arguments directly with this Court within thirty days of the date of the filing of the no-merit brief. Counsel attached to the letter a copy of the record, the transcript, and the no-

merit brief filed by counsel. Respondent has not filed his own written arguments with this Court.

In addition to seeking review pursuant to Rule 3.1(d), counsel directs our attention to potential issues with regard to the trial court's termination order. Counsel, however, acknowledges that these issues would not alter the ultimate result, as the trial court's findings of fact are supported by record evidence, the findings support both grounds for termination, and the trial court did not abuse its discretion in determining that termination was in Molly's best interests. *See* N.C. Gen. Stat. §§ 7B-1110, -1111 (2013).

After carefully reviewing the transcript and record, we are unable to find any possible prejudicial error in the trial court's order. Accordingly, we affirm the trial court's order terminating respondent's parental rights to Molly.

AFFIRMED.

Chief Judge MARTIN and Judge ELMORE concur.

Report per Rule 30(e).